IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CURTIS JAMES COLEMAN, )
)
      Petitioner, )
)
vs. ) Case No. CV-98-S-872-S
)
WARDEN MITCHEM, and the )
ATTORNEY GENERAL OF THE STATE )
OF ALABAMA, )
)
      Respondents. )

FILED
99 SEP -9 PM 3
U.S. ...
N.D. OF ALABAM.

ENTERED
SEP 0 9 1999

## MEMORANDUM OPINION

The magistrate judge filed his report and recommendation in the above-styled habeas action on August 11, 1999, concluding that even though petitioner's claims were not procedurally defaulted, they did not merit habeas relief. Accordingly, he recommended that the petition for writ of habeas corpus be denied and dismissed with prejudice. The parties were given fifteen (15) days in which to file objections. Although petitioner has not filed any, respondents have objected to the magistrate judge's conclusion that procedural default did not bar consideration of the claims. Having carefully reviewed and considered de novo all the matters in the court file, including the report and recommendation and the objections to it, the court finds that the report is due to be and hereby is ADOPTED

1

and the recommendation ACCEPTED.

Respondents assert that the magistrate judge incorrectly concluded that the petitioner did not procedurally default his claim that his Fifth Amendment right not to be compelled to testify was violated by final arguments made by the prosecutor at trial. As noted by the magistrate judge, during closing arguments, the prosecutor contrasted the credibility of the testifying victim with that of the petitioner, who did not testify. Defense counsel immediately objected, but the trial judge did not rule on the objection; instead, he simply instructed the prosecutor to continue with his argument to the jury. An off-the-record conference was then held in chambers, during which defense counsel sought to move for a mistrial based on the prosecutor's comments, but was told by the trial judge to make the motion after closing arguments were completed and that the motion would be treated as timely made. Apparently the motion for mistrial was not made until after the jury was instructed and began deliberations. The magistrate judge found that the objection to the comments was timely, even though the trial court did not state a ruling on it.

Respondents contend that Alabama law requires not only that a contemporaneous objection be made, but that a ruling be obtained, otherwise the objection is not preserved for appellate review.

2

Without getting into whether this really is the rule in Alabama applicable to trial evidentiary objections, such a rule would not be an adequate ground for procedural default under *federal* habeas law. Whether a particular procedural rule under state law is adequate to be respected as a ground for procedural default in a federal habeas action is itself a question of *federal* law. "'[W]e have consistently held that the question of when and how defaults in compliance with state procedural rules can preclude our consideration of a federal question is itself a federal question.'" Johnson v. Mississippi, 486 U.S. 578, 587, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988) quoting Henry v. Mississippi, 379 U.S. 443, 447, 85 S.Ct. 564, 567, 13 L.Ed.2d 408 (1965). Under federal law, a state procedural rule must be not only consistently and strictly applied, it also must be reasonable. See Henry v. Mississippi, 379 U.S. 443, 447, 85 S.Ct. 564, 567, 13 L.Ed.2d 408 (1965).

> These cases settle the proposition that a litigant's procedural defaults in state proceedings do not prevent vindication of his federal rights unless the State's insistence on compliance with its procedural rule serves a legitimate state interest. In every case we must inquire whether the enforcement of a procedural forfeiture serves such a state interest. If it does not, the state procedural rule ought not be permitted to bar vindication of important federal rights.

Id., 379 U.S. 443, 447, 85 S.Ct. 564, 567. The federal habeas

3

court is not required to honor a patently unreasonable state procedural rule simply because the state insists on it. A reasonable procedural rule is one that advances a legitimate interest.

In this case, petitioner's counsel clearly objected to the comments made by the prosecutor during closing arguments, an objection acknowledged[1] but not ruled on by the trial court. Once counsel objected, he fulfilled his duty to bring the issue to the court's attention. It then became the duty of the trial court to act on it, and the fact that the trial judge failed to rule on a clear, timely objection cannot be held against the petitioner who made it.[2] In the habeas context, a rule precluding the

---

[1] The trial judge understood the nature of the objection. When the prosecutor feigned ignorance as to the grounds of the objection, the trial judge responded, "You know what they're talking about."

[2] While not precisely parallel, the federal habeas courts have long held in the exhaustion context that once a petitioner has fairly presented a claim to the state courts for consideration, the mere fact that the state courts fail to rule on the claim does not amount to want of exhaustion or procedural default. "It is too obvious to merit extended discussion that whether the exhaustion requirement of 28 U.S.C. § 2254(b) has been satisfied cannot turn upon whether a state appellate court chooses to ignore in its opinion a federal constitutional claim squarely raised in petitioner's brief in the state court, . . .." Smith v. Digmon, 434 U.S. 332, 333, 98 S.Ct. 597, 599, 54 L.Ed. 2d 582 (1978); Ogle v. Estelle, 592 F.2d 1264 (5th Cir. 1979). The analogy is apparent. Once a clear, timely objection is made,

4

consideration of a clearly and squarely raised objection because the trial court fails to rule on it is patently unreasonable precisely because it serves no legitimate state interest. No state interest is advanced, and certainly justice is not advanced, by a rule that penalizes a defendant for the failures of the trial judge. By making the objection, the petitioner has done all that he can do, and to say that he must then pry a ruling out the trial judge in order to preserve the objection is perverse. Thus, the claim that the prosecutor improperly commented on petitioner's failure to testify was not procedurally defaulted for purposes of this federal habeas action.

Having now said all of that in answer to respondents' needless objections, the court also agrees with the magistrate judge that the claim, on its merits, does not warrant habeas relief. Although petitioner did not testify, he and his co-defendant did make statements to investigating officers, which were presented to the jury, that contradicted the version of events given by the victim. Thus, it was appropriate for the prosecutor to call the jury's attention to the need to weigh the credibility of the victim's

---

the petitioner has fulfilled his duty to bring it to the court's attention regardless of whether the court then chooses to ignore it. The petitioner should not suffer a procedural default simply because the trial court goes mute.

5

testimony against the statements given by the defendant. This was not an improper comment on the defendant's failure to testify.

In a separate order, therefore, the respondents objections will be overruled, and the habeas petition denied and dismissed with prejudice.

DONE this the ___9th___ day of September, 1999.

_____
C. LYNWOOD SMITH, JR.
UNITED STATES DISTRICT JUDGE